Plaintiffs appeal from a summary judgment in favor of defendants in an action brought pursuant to Ala. Code 1975, § 41-16-1 et seq., the Alabama Competitive Bid Law.
On December 24, 1986, the State of Alabama Department of Finance (hereinafter "Finance"), in conjunction with the State of Alabama Department of Human Resources (hereinafter "DHR"), issued a formal invitation to vendors to bid on the sale and installation of a computer processing system. The appellants, Kenneth Jenkins, Albert L. Weber, and Jenkins, Weber and Associates (hereinafter collectively referred to as "Jenkins, Weber"), bid on the invitation, as did the appellee Unisys Corporation and approximately six other vendors. Jenkins, Weber's bid was the second lowest and Unisys's was the fourth lowest. After a lengthy evaluation process, however, DHR and Finance determined that Unisys was the "lowest responsible bidder" and awarded the contract to Unisys.
Jenkins, Weber filed a complaint against Harry Hewitt, a DHR employee, and, by amendment, added as defendants Unisys and certain employees of Finance and DHR, specifically, Robin Swift, Andrew Hornsby, Ben Barnes, Howard L. White, Ken Givens, Jamie Flowers, Larry Spann, Lee Miller, and Windell Humphries, alleging noncompliance with Code § 41-16-1 et seq., and demanding monetary relief. Following protracted discovery, the trial court entered a summary judgment in favor of all of the defendants. Jenkins, Weber appeals from that judgment.
Section 41-16-31, the statute under which this action is brought, reads:
 "Institution of actions to enjoin execution of contracts entered into in violation of article.
 "Any taxpayer of the area within the jurisdiction of the awarding authority and any bona fide unsuccessful bidder on a particular contract shall be empowered to bring a civil action in the appropriate court to enjoin execution of any contract entered into in violation of the provisions of this article."
(Emphasis added.)
This Court held as follows in City of Montgomery v. BrendleFire Equipment, Inc., 291 Ala. 216, 220, 279 So.2d 480, 484
(1973), interpreting Ala. Code 1940, Title 55, § 515, the predecessor to § 41-16-31:
 "This court finds the language of section 515 to be unambiguous, and under such circumstances the 'expressed intent must be given effect, and there is no room for construction.' Under the statutory language it appears that the City's interpretation is correct. The statute makes available the equitable remedy of an injunction on a 'particular contract.' This wording does not contemplate enjoining future contractual arrangements. Also, the statute provides for enjoining the 'execution' of any contract which is violative of Chapter 22, not the formation of contracts to be made in the future which may run afoul of Chapter 22."
(Citations omitted, emphasis original.) City of Montgomery
established the remedy pursuant to Title 55, § 515, as one for injunctive relief. Jenkins, Weber's complaint, as amended three times, did not seek injunctive relief pursuant to *Page 618 
§ 41-16-31, but rather claimed monetary damages.[1]
We find nothing in the legislative history of § 41-16-31 nor in the cases interpreting that statute that allows an unsuccessful bidder to sue for monetary damages. In UrbanSanitation Corp. v. City of Pell City, 662 F. Supp. 1041, 1044
(N.D.Ala. 1986), a federal district court interpreting that statute stated:
 "There is no indication in this statute, however, that an unsuccessful bidder has any right or expectancy to insist upon the award of a contract. To the contrary, the statute is carefully crafted to limit the remedy to 'enjoin[ing] execution of any contract entered into in violation of the provisions of this article.' When the statute is unambiguous, its expressed intent must be given effect and there is no room for construction."
(Citation omitted.)
Jenkins, Weber contends that the decision not to award it the contract was arbitrary and capricious, and it relies onWhite v. McDonald Ford Tractor Co., 287 Ala. 77, 248 So.2d 121
(1971); International Telecommunications Systems v. State,359 So.2d 364 (Ala. 1978); Arrington v. Associate GeneralContractors of America, 403 So.2d 893 (Ala. 1981), cert.denied, 455 U.S. 913, 102 S.Ct. 1265, 71 L.Ed.2d 453 (1982); and Mobile Dodge, Inc. v. Mobile County, 442 So.2d 56 (Ala. 1983). However, those cases dealt with injunctive relief and do not control this case, because Jenkins, Weber sought monetary damages rather than injunctive relief.
We, therefore, conclude that the summary judgment in favor of the defendants was proper, because Jenkins, Weber failed to state a claim cognizable under Code § 41-16-31. In view of this holding, we do not address the claim by Jenkins, Weber that a summary judgment should not have been entered while discovery was pending.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
ALMON, J., concurs in the result.
[1] The original complaint claimed compensatory damages and lost profits; the first amendment added certain parties as defendants; the second amendment claimed lost profits; the third amendment requested that the contract entered into between the State of Alabama and Unisys be declared void and also requested "any other legal and/or equitable remedy deemed appropriate by this court." While the third amendment could possibly be interpreted to include injunctive relief, this amendment came approximately 18 months after Unisys had begun work on the project and, therefore, too late to obtain injunctive relief.